# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cr-00354-LDG (CWH) |
| v. | **ORDER** |
| ISAIAH ALJAVAR-MARTELL PERKINS, | |
| Defendant. | |

The defendant, Isaiah Perkins, is charged with two counts of Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(9) and 924(e)(2).  Trial is scheduled for December 12, 2012.  The government moves in limine (#14) to exclude evidence of the defendant's misdemeanor crime of domestic violence being modified and to exclude evidence of the defendant's ignorance of the law.  The defendant opposes the motion (#21).  Having considered the record and the arguments of the parties, the Court will grant the motion.

Factual Background

On October 15, 2010, the defendant was charged with battery domestic violence in a criminal complaint filed in the North Las Vegas Municipal Court.  The criminal complaint alleged the victim was B.G., a person alleged to have a specified domestic relationship with

the defendant. On March 3, 2011, the defendant was found guilty, pursuant to his plea of nolo contendere, of simple battery. The government proffers that it has obtained a certified copy of the birth certificate of a child common to the defendant and B.G., the victim identified in the criminal complaint against the defendant, which evidence would establish a domestic relationship between the defendant and the victim for purposes of establishing the battery was a misdemeanor crime of domestic violence. The case was closed on February 15, 2012.

The federal grand jury returned the present indictment on September 25, 2012. The first count charges that on or about January 29, 2012, the defendant possessed a Springfield .40 caliber handgun. The second count charges that on or about July 11, 2012, the defendant possessed a Ruger .40 caliber handgun.

On October 10, 2012, the defendant moved in the North Las Vegas Municipal Court to withdraw his plea to misdemeanor battery. The North Las Vegas Municipal Court granted the motion on November 20, 2012, and adjudicated the defendant guilty of disturbing the peace.

Analysis

The government seeks to exclude, as irrelevant, evidence that the defendant requested and was granted a modification of his conviction for battery to disturbing the peace, and evidence that the defendant did not know he was prohibited from possessing a firearm. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Pursuant to Rule 402, "[i]rrelevant evidence is not admissible."

The modification of defendant's battery conviction after the dates on which he is alleged to have possessed firearms is irrelevant, and thus inadmissible and properly subject to exclusion. As pertinent to the present motion, the material issue is the

defendant's status at the time he possessed the firearms.  "The Supreme Court has held that a prior conviction that is subject to collateral attack on the ground of constitutional invalidity may nevertheless serve as the predicate . . . conviction for a charge of being a [prohibited person] in possession of a firearm" *United States v. Padilla*, 387 F.3d 1087, 1090 (9th Cir. 2004) (*citing Lewis v. United States*, 445 U.S. 55, 65 (1980)).  The Supreme Court stated, in *Lewis*, that "[t]he statutory language is sweeping, and its plain meaning is that the fact of a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action, such as a qualifying pardon or a consent from the Secretary of the Treasury." 445 U.S. at 60-61.[1]  As summarized by the Ninth Circuit, "'a convicted felon [must] challenge the validity of a prior conviction, or otherwise his [firearm] disability, *before* obtaining a firearm.'  Thus, the only relevant circumstance for present purposes is [the defendant's] status as a convicted felon at the time he possessed a firearm.  The state court's later order, *nunc pro tunc* or not, has no effect on that status." *Padilla*, 387 F.3d at 1091 (quoting *Lewis*, 445 U.S. at 67) (emphasis original in *Padilla*).  Likewise, the reduction of a state felony conviction to a misdemeanor upon completion of probation was not grounds to vacate a felon in possession conviction because "*on the date [the defendant] was apprehended with a firearm*, [he] was a felon."  This line of authority establishes that the fact of consequence is whether, on the dates on which the defendant possessed a weapon, he had been convicted of a misdemeanor crime of domestic violence.  The North Las Vegas Municipal Court's November 20, 2012, order granting the defendant's motion to withdraw his prior plea, and adjudicating him guilty of disturbing the peace, has no effect on that status.

---

[1] The relevant statutory language interpreted by the Supreme Court in *Lewis*, prohibited possession of a firearm by any person who "*has been convicted* by a court of the United States or of a State . . . of a felony."  445 U.S. 60 (italics added, ellipses original). The defendant is charged with prohibited possession of a firearm by any person "who *has been convicted* in any court of a misdemeanor crime of domestic violence." 18 U.S.C. 922(g)(9) (italics added).

3

In opposing the government's motion, the defendant asserts that the evidence of the modification of his plea to battery was withdrawn in November 2012 (after he was indicted in the present matter) is relevant, but cites no authority for his position, and he does not distinguish the decisions of the Supreme Court and the Ninth Circuit that are contrary to his position.

Accordingly, as the defendant's modification of his conviction for a misdemeanor crime of battery occurred after the dates on which he is alleged to have possessed a firearm, such evidence is not relevant and the court will grant the government's motion to exclude any such evidence.

Similarly, the defendant's lack of knowledge that he was prohibited from possessing a firearm is irrelevant and thus inadmissible. "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). As relevant to the present matter, the Ninth Circuit has explained:

> The mental-state requirement for 18 U.S.C. § 922(g)(9) is "knowingly." See 18 U.S.C. § 924(a)(2). This court already has held that the requirement of knowledge in 18 U.S.C. § 924(a) refers only to knowledge of possession: To obtain a conviction, the government must prove that a defendant "[knew] that he possessed the firearm."

*United States v. Hancock*, 231 F.3d 557, 561 (9th Cir. 2000) (quoting *United States v. Miller*, 105 F.3d 552, 555 (9th Cir.1997). Consistent with this explanation, the Ninth Circuit has rejected the argument that due process requires that actual knowledge of 18 U.S.C. §922(g)(9) is an element of the statute. *Id.,* at 562-63. The appellate court has further rejected the argument that a defendant's due process rights are violated when convicted of violating §922(g)(9) despite a lack of knowledge that the possession of firearms was illegal. *Id.,* at 563-64.

The defendant summarily asserts that his lack of knowledge that federal law prohibited his possession of a firearm is relevant, and briefly states that prohibiting him for

4

asserting such a defense would violate due process.  The defendant does not, however, offer any authority contrary to that set forth above.  Accordingly, the Court will grant the government's motion and exclude evidence of the defendant's ignorance of the law.

THEREFORE, for good cause shown,

THE COURT **ORDERS** that the United States' Motion in Limine to Exclude Evidence of the Defendant's Conviction for a Misdemeanor Crime of Domestic Violence Being Modified and Evidence of the Defendant's Ignorance of the Law (#14) is GRANTED.

DATED this ___6___ day of December, 2012.

_____
Lloyd D. George
United States District Judge